IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE PISTILLI** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **15-784** |
| | : | |
| **UPPER DARBY TOWNSHIP, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM OPINION

**Tucker, C.J.**                                                                                           **May 13, 2015**

Presently before the Court is Defendants Upper Darby Township and Detective William McGoldrick's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 8) and Plaintiff Denise Pistilli's Response in Opposition to the Motion of Upper Darby Township and Detective William McGoldrick to Dismiss Amended Complaint Pursuant to FED. R. CIV. P. 12(b) (Doc. 9). Upon careful consideration of the parties' briefs, exhibits, and all other papers herein, and for the reasons set forth below, this Court will *grant* Defendants' Motion to Dismiss.

### I.  FACTUAL BACKGROUND

Plaintiff Denise Pistilli was waiting in line in a Rite-Aid pharmacy in Drexel Hill, Pennsylvania on September 9, 2013 when she inadvertently bumped into Defendant Ivy McClinton Davis. Ms. Pistilli claims that Davis (a) began screaming at her; (b) made threatening gestures and acted belligerently towards her; (c) falsely accused Plaintiff of calling her a "nigger"; (d) falsely accused Plaintiff of threatening to shoot her; and (e) chased Plaintiff out of the Rite-Aid pharmacy. Am. Compl. ¶¶ 11, 15. Ms. Pistilli maintains that she did not threaten,

1

assault, or utter any derogatory epithets to Davis, and that at all times, Davis was the aggressor. Id. at ¶¶ 14-15. The incident was captured on the pharmacy's surveillance video.

Davis contacted the Upper Darby Police Department and Defendant Detective McGoldrick arrived and interviewed Davis and a Rite-Aid employee, Jeremy Brooks. According to Ms. Pistilli, Mr. Brooks informed Detective McGoldrick that Davis was the aggressor, that Ms. Pistilli asked him to swiftly process her purchase so that she could quickly leave the store away from Davis, and that Davis followed Ms. Pistilli out of the store. Id. at ¶¶ 18-20. When Detective McGoldrick interviewed Davis, however, Davis claimed that Ms. Pistilli threatened to shoot her and that it was Ms. Pistilli who followed Davis out of the store. Id. at ¶ 19. Detective McGoldrick did not review the pharmacy's surveillance video, which Ms. Pistilli believes would have corroborated her version of events. Id. at ¶ 17.

Detective McGoldrick obtained a warrant for Ms. Pistilli's arrest and on or about September 13, 2013 proceeded to arrest and charge her with terroristic threats, ethnic intimidation, and harassment. Id. at ¶¶ 24-25. On December 17, 2013, following a preliminary hearing, Ms. Pistilli was held for court on all charges. Id. at ¶ 25. She was acquitted of all charges on March 26, 2014 following a jury trial. Id. at ¶ 26. Ms. Pistilli had been imprisoned based on these charges from September 9, 2013 until March 26, 2014. Id. at ¶ 27.

Ms. Pistilli brings this action against Defendants Upper Darby Township ("Township"), Detective William McGoldrick, and Ivy McClinton Davis alleging the following: 42 U.S.C. § 1983 against Detective McGoldrick (Count One); 42 U.S.C. § 1983 against the Township (Count Two); malicious prosecution against Davis (Count Three); and intentional infliction of emotional distress against Davis (Count Four). Defendants Township and Detective McGoldrick move to dismiss Plaintiff's Amended Complaint.

## II.     STANDARD OF REVIEW

A court may dismiss a plaintiff's complaint under Rule 12(b)(6) only when it does not state a claim for relief that is "plausible on its face." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)). All well-pleaded factual allegations contained in a plaintiff's complaint must be accepted as true and must be interpreted in the light most favorable to the plaintiff. Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 74 (3d Cir. 2011). A complaint is plausible on its face when its factual allegations allow a court to draw a reasonable inference that a defendant is liable for the harm alleged. Santiago, 629 F.3d at 128.

To determine the sufficiency of a complaint, courts of the Third Circuit are required to perform a three-step analysis. Id. at 130. First, a court must identify plaintiff's claims and determine the required elements of those claims. Id. Next, a court must identify and strike conclusory allegations contained in plaintiff's complaint. Id. Conclusory allegations are those that are no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation, labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertion[s]." Argueta, 643 F.3d at 72 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). Finally, a court must determine if the remaining factual allegations, "plausibly give rise to an entitlement for relief." Id. at 73.

The focus of a court's inquiry into the sufficiency of a plaintiff's complaint is always plausibility of relief. Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). Plausibility does not require a plaintiff's complaint to demonstrate that entitlement to relief is likely or probable. Argueta, 643 F.3d at 72.

A plaintiff's complaint must only plead facts sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element." McTernan v. City of York, Pa., 564 F.3d 636, 646 (3d Cir. 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." McTernan, 564 F.3d at 646 (citing Twombly, 550 U.S. at 555-56).

### III. DISCUSSION

Counts One and Two of Ms. Pistilli's Amended Complaint allege violations of 42 U.S.C. § 1983 against Defendants Detective McGoldrick and Township, respectively.

#### A. Count One

Ms. Pistilli brings a § 1983 action against Detective McGoldrick in Count One of her Amended Complaint. Although she fails to articulate the nature of her § 1983 action, the Court construes Ms. Pistilli's claim as one alleging false arrest. Ms. Pistilli argues that Detective McGoldrick lacked probable cause to arrest her for terroristic threats, ethnic intimidation, and harassment. See Am. Compl. ¶¶ 28-30.

To maintain a § 1983 false arrest claim, a plaintiff must show that the arresting officer lacked probable cause for the arrest. See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Probable cause exists "when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995) (citing U.S. v. Cruz, 910 F.2d 1072, 1076 (3d Cir. 1990)). Police officers acting pursuant to a facially valid warrant are generally deemed to have probable cause to arrest. Garcia v. Cnty. of Bucks, PA, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001). Where an

arrest is made pursuant to a warrant, "the plaintiff must show that 'a reasonably well-trained officer . . . would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant.'" Bresko v. John, 87 Fed. App'x 800, 802 (3d Cir. 2004) (quoting Malley v. Briggs, 475 U.S. 335, 336 (1986)). In other words, the plaintiff must show that the officer "obtained the warrant by (1) 'knowingly and deliberately, or with a reckless disregard for the truth, ma[king] false statements or omissions that create[d] a falsehood' when he applied for a warrant and (2) that 'such statements or omissions [were] material, or necessary, to the finding of probable cause.'" Id. (quoting Wilson v. Russo, 212 F.3d 781, 787 (3d Cir. 2000)).

The relevant inquiry for the Court is whether Ms. Pistilli has stated sufficient facts to establish that Detective McGoldrick relied on Davis's allegations to obtain the arrest warrant "knowingly and deliberately, or with a reckless disregard for the truth." See Bresko, 87 Fed. App'x at 802. Accepting the veracity of the factual allegations in the Amended Complaint, Ms. Pistilli fails to establish that Detective McGoldrick violated her constitutional rights.

Firstly, Detective McGoldrick arrived at the RiteAid store and interviewed both Defendant Davis and a store employee, Brooks. In her Amended Complaint, Ms. Pistilli describes the accusations that Defendant Davis made against her when interviewed by Detective McGoldrick. See Am. Compl. ¶ 21. These allegations included that Ms. Pistilli threatened to shoot Defendant Davis. See id.  Defendant Davis's allegations alone were sufficient to establish probable cause to obtain an arrest warrant for Ms. Pistilli. Ms. Pistilli does not suggest that Detective McGoldrick made false statements or withheld information creating a falsehood when obtaining the arrest warrant. See Bresko, 87 Fed. App'x at 802. Accordingly, she has failed to establish that Detective McGoldrick lacked probable cause to arrest her.

Ms. Pistilli argues that prior to applying for the arrest warrant, Detective McGoldrick should have reviewed the RiteAid surveillance video, which Ms. Pistilli believes would have exonerated her. However, an officer making an arrest is not required to investigate. See, e.g., Baker v. McCollan, 443 U.S. 137, 145-46 (1979) ("Given the requirements that arrest be made only on probable cause . . . we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence . . . . The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury."); Bresko, 87 Fed. App'x at 802 ("The issue 'for Fourth Amendment purposes, . . . is not whether the information on which police officers base their request for an arrest warrant resulted from a professionally executed investigation.'" (quoting Orsatti, 71 F.3d at 484)); Vazquez v. Rossnagle, 163 F. Supp. 2d 494, 500 (E.D. Pa. 2001) ("Once the [officer] had established that there was probable cause for an arrest . . . he did not need to confirm his finding of probable cause through additional investigations.").

Ms. Pistilli also contends that Detective McGoldrick disregarded Brooks's statements, which contradicted Defendant Davis's account of the incident. See Am. Compl. ¶¶ 18-20. Ms. Pistilli suggests that Brooks's statements should have negated any probable cause to arrest her and prompted Detective McGoldrick to review the surveillance video. Pl.'s Resp. in Opp'n at 4, 6. However, police officers are not required to believe or disbelieve statements of bystanders when executing an arrest. See Leporace v. City of Philadelphia, No. 96-6363, 1998 WL 309865, at *4 (E.D. Pa. 1998) (concluding that officers had no means to assess the credibility of bystanders or determine their motives or biases, if any). Given the facts that Davis shared with Detective McGoldrick when he arrived at the RiteAid pharmacy, he had sufficient information to establish probable cause for Ms. Pistilli's arrest and was not required to investigate any further.

The Court concludes that Detective McGoldrick did not violate Ms. Pistilli's constitutional rights when arresting her. The Court dismisses Count One of the Amended Complaint against Detective McGoldrick. [1]

**B. Count Two**

In Count Two of her Amended Complaint, Ms. Pistilli brings a § 1983 action against the Township. A municipality may be held liable for violation of a constitutional right under § 1983 only when the alleged unconstitutional action implements an official policy, practice or custom. Reitz v. Cnty. of Bucks, 125 F.3d 139, 144 (3d Cir. 1997) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)). "A plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the policy and the injury suffered." Losch v. Borough of Parkesburg, Pa., 736 F.2d 903, 910 (3d Cir. 1984) (citing Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir. 1984)). For failure to train claims, a plaintiff must identify a failure to provide specific training that has a causal nexus to her injuries and must demonstrate that the absence of that specific training can be attributed to a deliberate indifference to whether the alleged constitutional deprivations occurred. Reitz, 125 F.3d at 145 (citing Colburn v. Upper Darby Twp., 946 F.2d 1017, 1030 (3d Cir. 1991)).

Here, Ms. Pistilli seeks to impose liability on the Township alleging that it 1) developed or maintained policies of deliberate indifference to the constitutional rights of persons in the Township, which caused her Fourth Amendment violations and 2) maintained customs or

---

[1] Defendant Detective McGoldrick argues that, in the alternative, Count One of the Amended Complaint should be dismissed because he is entitled to qualified immunity. See Defs.' Mot. to Dismiss at 14. Since there has been no constitutional violation, the Court need not venture into an analysis of whether Detective McGoldrick is entitled to qualified immunity from suit. See, e.g., Bresko, 87 Fed. App'x at 802; Allen v. District Attorney's Office of Philadelphia, 644 F. Supp. 2d 600, 605 (E.D. Pa. 2009).

policies of inadequately investigating citizens' complaints of criminal misconduct and failing to train its officers. Am. Compl. ¶¶ 35-36. However, Ms. Pistilli fails to plead, beyond her naked assertions, sufficient factual content to state a claim for relief that the Township maintained unconstitutional policies and practices. See Argueta, 643 F.3d at 72. She does not identify the specific governmental policies, customs, or deficiencies in training at issue, nor does she demonstrate how these purported unconstitutional policies or practices directly caused her constitutional injury. In fact, in her Response in Opposition to Defendant's Motion to Dismiss, Ms. Pistilli neglects to brief this issue or otherwise respond to Defendant Township's opposition to Count Two of the Amended Complaint. The Court will not accept Ms. Pistilli's conclusory allegations and bald assertions. Consequently, the Court grants the Township's Motion to Dismiss Count Two of the Amended Complaint.

## IV.     CONCLUSION

For the foregoing reasons, the Court grants Defendants Upper Darby Township and Detective William McGoldrick's Motion to Dismiss Counts One and Two of Plaintiff's Amended Complaint. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. An appropriate Order follows.